In re Donny Joel Harvey















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-033-CV

IN RE DONNY JOEL HARVEY


 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On January 24, 2000, Donny Joel Harvey filed a petition for writ of mandamus in which
he complains that he has not received credit for time served. The petition is denied. See Ex
parte Whiteside, 1999 WL 391552, *3 (Tex. Crim. App. June 16, 1999) (mandamus is not an
acceptable forum for time-credit claims); see also Ex parte Canada, 754 S.W.2d 660, 663
(Tex. Crim. App. 1988).

Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Â 
Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Relief denied
Opinion delivered and filed February 9, 2000
Do not publish



School staff, Gonzalez was placed on a restraint board.  He then
died.Â  Salais sued both TDADS and the Mexia State School.Â  The trial court
granted TDADSÂs motion to dismiss.Â  

Â Â Â Â Â Â Â Â Â Â Â  In two issues on appeal, Salais argues
that the trial court erred in granting TDADSÂs motion to dismiss pursuant to
section 74.351 of the Texas Civil Practice and Remedies Code and erred in
denying SalaisÂs request for a 30-day extension pursuant to section 74.351(c)
of the Texas Civil Practice and Remedies Code.

Dismissal

Â Â Â Â Â Â Â Â Â Â Â  Section 74.351 of the Civil Practices
and Remedies Code provides that within 120 days of filing, a claimant must
serve a curriculum vitae and one or more expert reports regarding every
defendant against whom a health care claim is asserted.Â  Tex. Civ. Prac. & Rem. Code Ann. Â§
74.351(a) (Vernon Supp. 2009). Â ÂSection 74.351 has numerous subparts,
including: 

Â Â Â Â Â Â Â Â Â Â Â  . subpart (b) requiring trial courts
to dismiss a claim with prejudice and award fees if "an expert report has
not been served" by the statutory deadline; 

Â Â Â Â Â Â Â Â Â Â Â  . subpart (c) allowing a 30-day
extension of the deadline if a report is found inadequate; and

Â Â Â Â Â Â Â Â Â Â Â  . subpart (l) providing that a motion challenging
a report's adequacy should be granted only if the report does not represent a
good-faith effort to comply with the statute.ÂÂ  Lewis v. Funderburk, 253
S.W.3d 204, 207 (Tex. 2008) (footnotes omitted); Tex. Civ. Prac. & Rem. Code Ann. Â§ 74.351(b), (c), (l) (Vernon Supp. 2009).

Â Â Â Â Â Â Â Â Â Â Â  When considering a motion to dismiss
under section 74.351, the issue for the trial court is whether the report
represents a good-faith effort to comply with the statutory definition of an
expert report.Â  See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002); American Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001).Â  An "expert report"
means:

A written report by an expert that provides a fair
summary of the expert's opinions as of the date of the report regarding the
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards and the causal
relationship between that failure and the injury, harm, or damages claimed.

Â 

Tex. Civ. Prac. &
Rem. Code Ann. Â§ 74.351(r)(6) (Vernon
Supp. 2009).Â  To constitute a "good-faith effort," the report must
discuss the standard of care, breach, and causation with sufficient specificity
to fulfill two purposes: (1) to inform the defendant of the specific conduct
the plaintiff has called into question; and (2) to provide a basis for the
trial court to conclude that the claims have merit.Â  Bowie, 79 S.W.3d at
52; Palacios, 46 S.W.3d at 879.Â  

Â Â Â Â Â Â Â Â Â Â Â  The report must include the expert's
opinion on each of the three elements that the statute identifies: Â standard of
care, breach, and causal relationship.Â  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.Â  A report cannot merely state the expert's conclusions about
these elements. Â Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at
879.Â  "Rather, the expert must explain the basis of his statements to link
his conclusions to the facts."Â  Earle v. Ratliff, 998 S.W.2d 882,
890 (Tex. 1999).Â  

Â Â Â Â Â Â Â Â Â Â Â  We review a trial court's order
dismissing a claim for failure to comply with the expert report requirements
under an abuse-of-discretion standard.Â  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.Â  Expert reports that omit at least one of the three
specifically enumerated requirements of an expert report cannot constitute a
good faith effort to meet the statutory requirements.Â  See Jernigan
v. Langley, 195 S.W.3d 91, 94 (Tex. 2006); Palacios, 46 S.W.3d at
879.Â  

Â Â Â Â Â Â Â Â Â Â Â  Salais provided two reports to serve
as her expert report.Â  One report was prepared by James Wohlers, a paramedic
from Nebraska, which Salais alleged addressed the expert report elements of the
standard of care and the breach of that standard.Â  The other report was
prepared by Donald Winston, a physician from Houston.Â  Salais alleged Dr.
WinstonÂs report addressed the causation element.Â  TDADS complains, and I
agree, that Dr. WinstonÂs report wholly fails to address the causation
element.Â  

Â Â Â Â Â Â Â Â Â Â Â  Assuming without deciding that Dr.
Winston is otherwise qualified to render an opinion on causation, he does not.Â 
Dr. Winston states in his report that he reviewed the autopsy report of Ruben
Gonzalez and the death certificate.Â  Then, he simply states that, although he
disagrees with the nine pathologists on whether Gonzalez was in part
responsible for his own death, he agrees with them in their conclusion that it
was homicide caused by restraint and mechanical asphyxiation Âimposed on him by
the three Mexia State School employees.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  What Dr. Winston fails to do is draw
the connection or explain the causal link between the negligent actions of a
specific health care provider (the elements of standard of care and breach as
described by Wohlers, the other purported expert) and the damages/injury
(GonzalezÂs death).Â  In other words, his report on causation must make the
connection that the death by mechanical asphyxiation was caused by the conduct
described by Wohlers, assuming that was adequately presented in the other
expert report.Â  See Bowie, 79 S.W.3d at 53.Â  Because Dr. Winston
did not indicate he had reviewed the other purported expertÂs report, this
required connection is simply missing.Â  Further, it is impermissible to infer
that the conduct referenced in one report is the basis for the conclusions in
the other report.Â  See Austin Heart, P.A. v. Webb, 228 S.W.3d
276, 279 (Tex. App.ÂAustin 2007, no pet.). 

Â Â Â Â Â Â Â Â Â Â Â  Dr. WinstonÂs report is similar to an
expert report discussed in Shaw v. B.M.W. Healthcare, Inc., 100 S.W.3d 8
(Tex. App.ÂTyler 2002, pet. denied).Â  In Shaw, the Shaws filed two
expert reports to address the three elements, one from a physician and one from
a registered nurse.Â  The Shaws agreed that the physicianÂs report did not set
out the applicable standards of care or address how the defendants breached any
standards.Â  They argued, however, that those omissions were irrelevant because
the physician only rendered an opinion on the cause of death.Â  Citing to Palacios,
the Tyler Court of Appeals held that because there was no discussion in the
report as to the applicable standard of care and any breaches of that standard,
an opinion solely addressing the cause of death did not satisfy the statutory
requirements of an expert report.Â  Shaw, 100 S.W.3d at 13 (citing Palacios,
46 S.W.3d at 879).Â  Like the report in Shaw, Dr. WinstonÂs report only
addressed GonzalezÂs cause of death without a link between the alleged breach
and the injury.Â  Accordingly, I would hold that Dr. WinstonÂs report does not
meet the requirement of an expert report because there is nothing in the report
that addresses the causal connection between the breach by the Mexia State School employees of the standard of care as allegedly contained in WohlersÂs
report and the injury, the death of Gonzalez, claimed.Â  The causation element
has been omitted from the report.

Â Â Â Â Â Â Â Â Â Â Â  Because SalaisÂs expert reports omit
at least one of the three specifically enumerated requirements of subsection
(r)(6), they cannot constitute a good faith effort to meet those requirements.Â 
I need not decide TDADSÂs objections to WohlersÂs report.Â  Accordingly, because
the trial court did not abuse its discretion in granting TDADSÂs motion to
dismiss SalaisÂs suit against TDADS, SalaisÂs first issue should be overruled.

Continuance

Â Â Â Â Â Â Â Â Â Â Â  Salais further argues that should we
determine the reports were deficient, we should remand the matter back to the
trial court for a 30-day extension.Â  See Tex. Civ. Prac. & Rem. Code Ann. Â§ 74.351(c) (Vernon Supp. 2009).Â  The parties agree and the trial courtÂs docket sheet indicates that a
request for a 30-day extension was denied.Â  Section 74.351(c) provides in part
that the trial court may grant one 30-day extension to the claimant to cure a
deficiency in an expert report.Â  Id.Â  The term "may" as used
in subsection (c) vests the trial court with discretion to grant a 30-day
extension.Â  Bosch v. Wilbarger Gen. Hosp., 223 S.W.3d 460, 465 (Tex. App.ÂAmarillo 2006, pet denied); Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex.
App.ÂTexarkana 2005, no pet.). 

Â Â Â Â Â Â Â Â Â Â Â  I assume without deciding that once
the trial court determines that the report furnished did not constitute a good
faith effort to meet the requirements of an expert report, the trial court can,
nevertheless, grant a 30-day extension to cure the deficiency.Â  To grant such
an extension, the trial court would have to consider the totality of the
circumstances surrounding the preparation of the report, such as the
difficulty, if any, encountered by the plaintiff in obtaining the necessary
experts or in getting the medical records necessary for the expert to review,
the diligence of the plaintiff in securing an expert on the specific type of
healthcare liability claim, whether a 30-day extension would have allowed the
plaintiff to cure the defect, and the extent of the deficiency in the proffered
report.Â  This list of considerations is by no means exhaustive.Â  

Â Â Â Â Â Â Â Â Â Â Â  But in this case, we have not been
provided any record from which we could review the trial courtÂs
determination.Â  Because we have no record to review, Salais is unable to
support the complaint that the trial court abused its discretion in failing to
grant a 30-day extension.Â  See In the Interest of D.W., 249
S.W.3d 625, 648 (Tex. App.ÂFort Worth 2008, no pet.) (because no record of
hearing on motion to extend dismissal deadline, court presumes evidence
supported trial courtÂs ruling and no abuse of discretion shown).

Â Â Â Â Â Â Â Â Â Â Â  SalaisÂs second issue should be
overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled each issue, I would
affirm the interlocutory order of dismissal of the trial court.Â  Because the
Court does not, I respectfully dissent.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Dissenting
opinion delivered and filed August 4, 2010